EDWIN T. WILLIAMS, PLAINTIFF, v. ESTHER EHRLICH, DEFENDANT; FRED CARLSON, APPELLEE (WHO IMPLEADED WALTER L. GINGRICH, APPELLANT).

Submitted October 13, 1933—Decided January 16, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant Gingrich, *William Krueger*.

For the appellee Carlson, *James Raymond Berry*.

PER CURIAM.

The case arises out of a collision between the automobile of Williams, driven by the appellant Gingrich, and the automobile of Carlson, the appellee, driven by defendant Esther Ehrlich, Carlson's daughter. Carlson counter-claimed for damage to his car against Williams as the master of Gingrich, and against Gingrich himself. The agreed state of facts, however, stated that Williams had simply lent his car to Gingrich, so Carlson's counter-claim against Williams presumably failed, and, if so, Williams is out of the case in every aspect. That phase is not before us. There remains the subject of this appeal, viz., the counter-claim of Carlson against Gingrich. The court ruled that Gingrich, and Esther, the driver of Carlson's car, were both negligent, but awarded Carlson a judgment against Gingrich, obviously on the theory that Esther's negligence was not imputable to her father Carlson, Gingrich appeals.

The sole question is whether there was error in holding that Carlson was not chargeable with the negligence of Esther. We think there was error. On the facts as testified to without contradiction, it is undeniable that Esther was operating Carlson's car as his servant and agent. Esther testified "that she was driving her father's car from her home in Chatham to deliver her mother, the wife of Fred Carlson, the counterclaimant, to the home of her mother's friends in Westfield. That this car was sometimes used for family pleasure and that she had her father's permission to drive it." Her mother, Mrs. Carlson, testified "that she was in the car at the time of the accident, and that she was being driven by her daughter to visit some friends in Westfield. Fred Carlson was not in the car." This is all the evidence on the point.

When that evidence is coupled with the presumption always arising in such cases out of ownership of the car, and in the absence of any testimony by Carlson himself to the contrary, the conclusion is irresistible that as a court (and not a jury) question, the agency of Esther for her father at the time of the accident was definitely established. There seems to be no evidence whatever on which the trial court could find non-agency.

The judgment will therefore be reversed, and the case remanded to the District Court for a new trial.